**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:25-CV-00096-SCR-MTO**

| | | |
|---|---|---|
| **PAMELA I. MARTINDALE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No. 6) and the "Commissioner's Brief" (Doc. No. 9).[1] This case was reassigned to the undersigned on December 26, 2025.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will affirm the Commissioner's decision and deny Plaintiff's Motion.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below.

Plaintiff filed the present action on April 4, 2025. She assigns error to the Administrative Law Judge's ("ALJ") formulation of her physical Residual Functional Capacity ("RFC"),[2] arguing

[1] Following amendments to the Supplemental Rules for Social Security Actions, see 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions. Plaintiff elected not to file a Reply brief.

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b). The agency's regulations establish a five-step

that the "ALJ's finding the claimant was capable of past-relevant work was not supported by the substantial evidence . . . and [t]he final RFC was incomplete as it ignored the substantial evidence, thus the ALJ erred in the formulation and application of the RFC[.]" (Doc. No. 6-1 at 3). Specifically, Plaintiff argues that the ALJ "incorrectly evaluat[es] the symptoms of the Plaintiff, and fail[s] to correctly perform a function-by-function analysis in formulating the RFC," and "completely fails to fully address any limitations caused by [a torn rotator cuff and three surgical repairs in] her right upper extremity." Id. at 3-4.

The ALJ found that Plaintiff had the following severe impairments: "osteoarthritis, and tendinosis of the right shoulder (20 CFR 404.1520(c))." (Tr. 20). As to the RFC for Plaintiff, the ALJ wrote:

> **After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is able to stand and/or walk six hours in an eight-hour workday and sitting is unlimited. She should never climb ropes and scaffolds but is able to occasionally climb ladders and frequently climb ramps and stairs. The claimant is able to frequently balance (as defined in the DOT/SCO), stoop, kneel, crouch, crawl and reach (in all directions) with the right upper extremity. She should avoid concentrated exposure to hazards.**

(Tr. 22) (bolding in original).[3] Based on this RFC the ALJ then found that:

> **The claimant is capable of performing past relevant work as a short order cook, (DOT #313.374-014), a semiskilled job generally performed at the light level or exertion and actually performed at the medium level of exertion. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**

---

sequential evaluation, by which the Commissioner considers, in sequence, whether a claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the severity of a listed impairment, (4) can return to his past relevant work, and (5) if not, whether he can perform other work. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Between steps three and four, the claimant's residual functional capacity is evaluated. 20 C.F.R. § 404.1545(a)(1).

[3] As discussed above, Plaintiff challenges only the RFC as to her physical limitations, not mental limitations. Any challenges not set forth in Plaintiff's Motion for Summary Judgment are waived. Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue.") (internal quotations and alterations omitted).

(Tr. 30) (bolding in original). As a result, the ALJ found that Plaintiff was not disabled. Id.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019); Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023); Arakas v. Comm'r of Soc. Sec., 983 F.3d 83, 94 (4th Cir. 2020). "Substantial evidence is 'more than a mere scintilla' and '[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Oakes, 70 F.4th at 212 (quoting Biestek, 587 U.S. at 103). "The threshold is 'not high' and defers to the ALJ, 'who has seen the hearing up close.'" Id. (quoting Biestek, 587 U.S. at 103, 108). "In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's." Id. (quoting Arakas, 983 F.3d at 95). "But 'even under this deferential standard, we do not reflexively rubber-stamp an ALJ's findings.'" Id. (quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Id.; see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion); Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017). In Patterson, the Court explained:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

846 F.3d at 663 (citing Kohler v. Astrue, 546 F.3d 260, 267 (2d Cir. 2008)).

The question before the ALJ was whether Plaintiff became disabled at any time.[4] The ALJ is responsible for assessing a claimant's RFC. See 20 C.F.R. §§ 404.1546(c), 416.946(c). In making that assessment, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. See Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ also must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Id. at *7.

SSR 96-8p explicitly directs:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Id. at *5.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§ 404.1512(a), 416.912(a); see also, e.g., Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC."), Mem. & R. adopted, 2012 WL 1858844 (May 22, 2012), aff'd, 487 F. App'x 795 (4th

---

[4] The term "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Cir. 2012).

In Mascio, the Fourth Circuit observed "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)); see also Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) ("ALJ's analysis of [plaintiff's] RFC contains too little logical explanation for us to conduct meaningful appellate review.").

Here, the ALJ thoroughly discussed the record. (Tr. 17-30). Substantial evidence supports the ALJ's finding that despite Plaintiff's impairments, she remained capable of light work with no more than standing and/or walking six hours in an eight-hour workday, never climbing ropes and scaffolds, no more than occasionally climbing ladders, frequently climb ramps and stairs, all with frequent balancing, stooping, kneeling, crouching, crawling and reaching in all directions with the right upper extremity, and avoiding concentrated exposure to hazards. (Tr. 22). The ALJ's decision explained why those limitations accounted for Plaintiff's difficulties associated with her impairments and is supported by substantial evidence.

In her brief, the Plaintiff frequently states that the ALJ's analysis of her impairments is inadequate as it relates to the frequency of reaching but never identifies specific medical record or other evidence that the ALJ failed to consider. (Doc. No. 6-1 at 5, 8-11). Rather, Plaintiff describes the ALJ's summary of her treatment record as "thorough." Id. at 4. Nevertheless, she argues that the ALJ failed to explain how the medical evidence supported the finding of being able to reach frequently. Id. at 5. But again, Plaintiff identifies no record evidence that required greater limitation, but argues generally that the medical record supports her subjective complaints of pain.

Id. at 6. The Court finds, however, that the ALJ properly evaluated Plaintiff's subjective complaints in the context of all the available evidence.

At the outset, Plaintiff does not argue that the ALJ misapplied or failed to consider any medical opinions in the record. In fact, the ALJ considered and found persuasive the opinions of state agency medical consultants Dr. Jimenez-Medina and Dr. Redd, who found among other things that Plaintiff could frequently reach, with Dr. Jimenez-Medina finding Plaintiff could reach in all directions. (Tr. 27). Plaintiff points to no other opinions in support of her claim. The ALJ also discussed that Plaintiff suffered a torn rotator cuff and underwent three surgical procedures on her shoulder, that the medical records did not reflect any long-term restrictions were placed on her activity following the final surgery, but that records did show that treatment, including over-the-counter pain medicine, wearing a sling and physical therapy, was effective in decreasing Plaintiff's complaints when she complied with it. (Tr. 23, 24, 25, 26, 744-67, 768-86, 910-90). The ALJ noted that Plaintiff acknowledged to her doctors that she was at times noncompliant with post-operative treatment which contributed to the second reinjury to her rotator cuff, and acknowledged that she was not complying with instructions to wear her sling following the final repair. (Tr. 26). The ALJ also noted that the prognosis for her recovery was that she would return to her pre-injury level of functioning and be able to return to work. (Tr. 25-26).

Finally, the ALJ properly evaluated Plaintiff's subjective complaints in the context of all the available evidence. When assessing a disability claim, an ALJ considers the claimant's alleged symptoms and assesses the extent to which his symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a). The regulations set out two steps for this analysis. The ALJ first assesses whether there is objective medical evidence showing the existence of a medical impairment which could reasonably be expected to

produce the symptoms alleged. 20 C.F.R. § 416.929(a); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996); SSR 16-3p, 2016 WL 1119029, at *2 (S.S.A. Mar. 16, 2016). If there is, the ALJ then evaluates the intensity and persistence of the claimant's symptoms to determine their limiting effects. 20 C.F.R. § 416.929(a), (c). The ALJ does so by considering "all of the available evidence, including [the] medical history, the medical signs and laboratory findings, and [the claimant's] statements," assessing the extent to which the claimant's alleged functional limitations "can reasonably be accepted as consistent with" that evidence. 20 C.F.R. § 416.929(a). The ALJ also evaluates the claimant's "statements in relation to the objective medical evidence and other evidence," considering "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the] statements and the rest of the evidence." 20 C.F.R. § 416.929(c)(4). The claimant's alleged symptoms "need not be accepted to the extent they are inconsistent with the available evidence." Craig, 76 F.3d at 595.

The ALJ thoroughly discussed Plaintiff's reports and testimony of symptoms resulting from three surgeries to repair a torn rotator cuff, including that due to pain she had difficulty reaching, lifting and cutting with her dominant right arm and hand. (Tr. 24, 44-55). While the ALJ agreed that Plaintiff's shoulder impairment was capable of producing the symptoms, she found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent with the overall evidence. (Tr. 26); 20 C.F.R. § 416.929(a), (c). In reaching this finding, the ALJ relied on substantial evidence including the medical record discussed above and also Plaintiff's reported daily activities that included doing all of the cooking at home as long as no "heavy" lifting was required, and that she maintained her driver's license but preferred for her husband to drive. (Tr. 23, 44-45). Still, the ALJ did not reject her symptoms in the RFC finding. Instead, the RFC included Plaintiff's complaint concerning heavy lifting,

limiting her to "light work" as defined in 20 CFR § 404.1567(b), which places certain limits on lifting. (Tr. 22).

When, as here, the basis for the residual functional capacity finding is reasonably discernible, there is no error. Id.; see also Sizemore v. Berryhill, 878 F.3d 72, 80-81 (4th Cir. 2017) (affirming where consultants' opinions provided "substantial support for the ALJ's finding"). Ultimately, Plaintiff disagrees with how the ALJ weighed this evidence, but weighing conflicting evidence is quintessentially the province of the ALJ, not a reviewing court. See also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].") (quoting Craig, 76 F.3d at 589); Shelley C. v. Comm'r of Soc. Sec. Admin., 61 F.4th 341, 353 (4th Cir. 2023).

The ALJ applied the correct legal standards. Substantial evidence supports the formulation of Plaintiff's RFC and ultimate conclusion that Plaintiff could perform her past work and, therefore, was not disabled.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment, (Doc. No. 6), is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: September 30, 2026

Susan C. Rodriguez
United States District Judge